# JUNE TERM, 1923.*

BRADLEY *v.* LADIES CATHOLIC BENEVOLENT ASSOCIATION.

INSURANCE—BENEFICIAL ASSOCIATIONS—TIMELY TENDER OF DUES REINSTATES SUSPENDED MEMBER.

Where a member of a beneficial association in arrears for dues timely tendered to the financial secretary of the association a ten-dollar bill to pay for same, with instructions to return the change at her convenience, said member was automatically reinstated under the laws of the association, although the secretary refused the money, saying it could be paid at the next meeting and no formal action of reinstatement was taken by the president of the local branch as provided for in its constitution.

Error to Wayne; White (Charles E.), J., presiding. Submitted June 7, 1923. (Docket No. 68.) Decided July 19, 1923.

Assumpsit by Catherine Bradley against the Ladies Catholic Benevolent Association for the amount of a benefit certificate. Judgment for plaintiff. Defendant brings error. Affirmed.

*Keena, Lightner, Oxtoby & Hanley,* for appellant.

*William Henry Gallagher,* for appellee.

WIEST, C. J. The brief of counsel for defendant contains such a concise and fair statement of the facts that we quote therefrom:

"Annie Bradley became a member of the defendant association February 16, 1897. * * * Annie

Bradley had always been a member of the defendant association in good standing, and was never behind in the payment of dues and assessments until the assessment due in August, 1918.

"On Saturday, October 25, 1918, Miss Margaret Robinson, the financial secretary of Branch No. 236, to which the deceased belonged, called at the residence of deceased and her sister, on a social call. · During the course of the evening the matter of the arrearage of dues and assessments was discussed.    Miss Annie Bradley was at that time perfectly well.    It appears that she was in the habit of paying the dues and assessments in the association not only for herself, but for her sister, Catherine, as well.

"During the evening Miss Annie Bradley told Miss Robinson that she would pay her dues and assessments, but, according to the statement of plaintiff, Miss Robinson told her to wait; that she had lots of time—a whole month to pay them, saying: 'You don't need to worry, you have a whole month to be reinstated.'    Deceased went to a dresser drawer, taking therefrom a ten-dollar bill which she offered to Miss Robinson.    Plaintiff told Miss Robinson to take it and return the change, but Miss Robinson replied that she should not take it at that time, as she did not have the change, and plaintiff told her to keep it and give her the change whenever she came over.

"Plaintiff knew that she and her sister would have to pay August, September, October and November assessments to be reinstated, and when the money was offered to Miss Robinson, the latter did not take it, but suggested paying it later on, and said that the thing to do was to come to the meeting on the following Tuesday and to pay it then.    No objection was made to this by either of the sisters, as they intended to pay it the following Tuesday at the meeting. Plaintiff did not insist upon Miss Robinson taking the money, because Miss Robinson said they had a month in which to pay it.    It was perfectly agreeable both to plaintiff and her sister to let the matter wait over until the meeting on the following Tuesday.

"According to Miss Clara Murphy, a witness for the plaintiff, who was present at this time, Miss Robinson said she could not take the money before the ten-dollar bill was produced, and when the money was

produced she said they should come to the meeting on Tuesday and pay it there.

"According to Miss Robinson, Annie Bradley wanted to know if she could change the ten-dollar bill, and Miss Robinson advised her to come to the meeting a week from the following Tuesday night, when she would be reinstated.    When Miss Bradley asked Miss Robinson if she could change the bill, she said the offer was made for assessments, and Miss Robinson told her she had no change, and to come down to the meeting on Tuesday when she would be reinstated.

"At this time Miss Annie Bradley was in arrears $5.65 for dues and assessments."

It appears that payments were ordinarily accepted from members in good standing by mail, on the street, at the several homes, at Miss Robinson's home and wherever money was offered.    Counsel for defendant state:

"The only error claimed in the case arises out of the refusal of the court to grant defendant's motion for a directed verdict of no cause of action, the motion being based upon the claim that the insured at the time of her death was not entitled to the privileges of the defendant society, due to the fact that she was under suspension."

Defendant relies upon the following provision in the constitution of the defendant association:

"SECTION 15.    Every member of this department must pay to the beneficiaries fund in her branch, the amount of her assessment on or before the last day of each month.    Then if said assessment shall not have been paid before, but shall remain unpaid at the time of the first regular branch meeting after the expiration of the month, such members who fail to pay the assessment, are, by their own neglect, hereby declared to be suspended, and to have suspended themselves, by their own act from all rights in the association; and should they die while under such suspension, they shall not be entitled to the beneficiary.    Any member suspended for the nonpayment of assessment, and remaining suspended during the period of three months or less, shall be reinstated by the branch president,

at a regular meeting of the branch from which she was suspended when said suspended member shall have paid all assessments and monthly dues due at the time of her suspension, and from the date of her suspension to the date of her reinstatement, and in addition thereto a fine not exceeding 25 cents. Any member remaining suspended for nonpayment of assessment for a longer period than three months is hereby declared to be expelled from the association, the same to be entered in the records of the branch. Any member under suspension or in arrears to her branch for assessments or dues is disqualified from holding office, voting or naming a candidate for office."

Defendant offered no evidence. The decisive question submitted to the jury appears in the following excerpt from the charge of the court:

"Now, I charge you that if the money was not really offered to Mrs. (Miss) Robinson at that time, but they merely talked about it and asked her if she could change ten dollars, and did not produce the money, that that would not be a legal tender. But if, as claimed by the plaintiff, the money was actually offered to Mrs. (Miss) Robinson at that time, without any conditions and she was told that she could take that money to pay the dues and later return the change at her convenience, then that would be a legal tender and would reinstate Ann Bradley as a member of this society in good standing. Now, that is the issue of fact for you. If you find that that tender was made, as claimed by the plaintiff, then the plaintiff is entitled to recover on this policy."

The jury found for plaintiff. Miss Robinson had authority to accept the dues and assessments. They were tendered her by Annie Bradley. Had she taken them, then under our decision in *Sullivan* v. *Benevolent Ass'n*, 217 Mich. 19, plaintiff could recover. The tender made stands in law the same as payment in preserving rights by way of preventing forfeiture. The reason given by Miss Robinson for not taking the money, when tendered, could not lessen the

legal effect of the tender, unless it led to a withdrawal of the tender.    There was no rejection of the tender and no thought of rejection, but only an assurance of the timeliness thereof.    We find no withdrawal of the tender but a mutual understanding of its continuing character and force to the time of the next meeting of the local branch.    Rights were fixed at the time of the tender and the reinstatement of Annie Bradley automatically followed.    The constitution of the association made it imperative upon the president to reinstate her upon the payment of the dues and assessments, and her status as to membership must be determined as of the time of the tender and not be held to await the mere formal act of the president who had no power to do otherwise than reinstate her.

The issue presented falls within the decision in the *Sullivan Case* and the judgment is affirmed, with costs to plaintiff.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.